# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. SA-10-CV-19-XR |
| MARGARET L. GARCIA, | § | |
| *Defendant*. | § | |

## DEFAULT JUDGMENT

On this day, the Court considered Plaintiff's Motion for Default Judgment (Docket Entry No. 4). After consideration of the motion, record, and applicable law, the Court GRANTS Plaintiff's motion for default judgment.

## Background

Defendant Margaret L. Garcia executed a promissory note on March 14, 2005, to secure a direct consolidation loan from the United States Department of Education. The loan was disbursed on March 25, 2005. The loan was made pursuant to the William D. Ford Federal Loan Program under Title VI-D of the Higher Education Act of 1965. Pub. L. No. 89-329, 79 Stat. 1236 (codified as amended at 20 U.S.C. § 1087a). Garcia defaulted on the note.

The lender on the loan and payee of the promissory note assigned their rights to Plaintiff United States of America. The United States is now the owner and holder of the promissory note, and Garcia has failed to pay her debt in accordance with the note. The United States initiated this suit to recover a total of $26,913.11 (*i.e.*, $23,086.29 in principal and $3,826.82 in interest through June 10, 2009), interest accruing at an amount of $2.77 per day from June 11, 2009, until the date of judgment, postjudgment interest, and court costs and attorney fees.

**Procedural History**

Plaintiff filed its lawsuit on January 12, 2010.[1] The summons was personally served on Margaret L. Garcia on January 25, 2010, and her answer was due on February 16, 2010.[2] Garcia did not respond. On March 3, 2010, the United States filed an application for an entry of default and moved for a default judgment against Garcia.[3] On the same day, the Clerk issued an entry of default against Margaret L. Garcia.[4]

**Legal Standard**

Plaintiff seeks a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 55(b)(2). Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The moving party must also show the

---

[1] Compl., Jan. 12, 2010 (Docket Entry No. 1).

[2] Summons, Feb. 4, 2010 (Docket Entry No. 3).

[3] Pl.'s Mot. for Entry of Default & Default J., Mar. 3, 2010 (Docket Entry No. 4).

[4] Clerk's Entry of Default, Mar. 3, 2010 (Docket Entry No. 5).

amount of damages. If the claim is for a sum certain, a default judgment may be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**Analysis**

As previously noted, Plaintiff filed its complaint on January 12, 2010, to which Defendant has not responded. A summons was issued to Defendant Margaret L. Garcia and she was served personally in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(e)(2)(B). Garcia defaulted, and pursuant to Rule 55(a), the Clerk made an entry of default. *See* FED. R. CIV. P. 55(a). Plaintiff has provided an affidavit in which its attorney attests that Garcia is not a minor or an incompetent person, and she attests that Garcia is not currently in military service, as required by 50 U.S.C. app. § 521(b)(1). There is no indication of a good faith mistake or excusable neglect, and by failing to respond, Garcia has admitted to Plaintiff's allegations of fact. Given Garcia's failure to answer the complaint, the Court has the authority to accept the facts in Plaintiff's complaint as true and to award the relief sought by the United States in this action.

Plaintiff has provided the Court with a certificate of indebtedness from the United States Department of Education that shows a principal loan amount of $23,086.29 and interest in the amount of $3,826.82 as of June 10, 2009. Interest accrues on the principal at a rate of $2.77 per day. Having provided the Court with evidence of a specific sum, there is no need for the Court to conduct a hearing on this issue.

**Conclusion**

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS Plaintiff's motion for default judgment.

It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff United States of

America have and recover from Defendant Margaret L. Garcia an amount of TWENTY-SIX THOUSAND NINE HUNDRED THIRTEEN AND 11/100 DOLLARS ($26,913.11).

It is further ORDERED that Plaintiff United States of America have and recover from Defendant Margaret L. Garcia interest at a rate of TWO AND 77/100 DOLLARS PER DAY from and including June 11, 2009, to and including the date of this judgment.

It is further ORDERED that Plaintiff United States of American have an recover from Defendant Margaret L. Garcia post-judgment interest at a rate of 0.34 percent per annum until paid in full, to be compounded annually pursuant to 28 U.S.C. § 1961(b).

It is further ORDERED, that costs shall be taxed against Defendant. Plaintiff shall submit a bill of costs in the form required by the Clerk of Court and in accordance with the Local Rules for the Western District of Texas within fourteen days of this Judgment.

It is so ORDERED.

SIGNED this 8th day of March, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE